**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carly Rheinlander,<br><br>    Plaintiff,<br><br>v.<br><br>Eric Lindenau, et al.,<br><br>    Defendants. | No. CV-17-00409-TUC-DCB<br><br>**ORDER** |

The Plaintiff filed her Complaint on August 20, 2017. She alleges that as a juvenile she was removed from her classroom by Defendant, questioned without the presence of or notice to her parents, and her cell phone was searched without her consent. She alleges illegal search and seizure, violations of her right to privacy, due process violations to her right to personal liberty, and failure to properly train and/or supervise.

On March 19, 2018, the Court issued a case management Scheduling Order, allowing for discovery until October 26, 2018, with dispositive motions to follow by December 7, 2018, and a Joint Proposed Pretrial Order due on January 28, 2019. On October 27, 2018, Plaintiff filed a "Request for Extension of Discovery Deadline, Disclosure Deadline, Dispositive Motions and Pretrial Statements." (Doc. 22) Plaintiff's counsel moves for an extension of all deadlines for at least 120 days. The Court notes that the original time allowed for discovery was six months or 180 days. The explanation for the approximately four month extension of time is due to Plaintiff becoming seriously ill in August of 2018 when "he was determined to have a serious illness that needed

extensive treatments." (Motion (Doc. 22) at 1.) The tenor of the motion and the fact that the Plaintiff is female causes the Court to conclude that the serious illness is being suffered by Plaintiff's counsel, not the Plaintiff.

Plaintiff's counsel reports he has been seriously ill since August but believes that in four months he may be well enough to continue the discovery in this case and file further pleadings. *Id.* at 22. The Court notes that he only substituted into this case in May, approximately three months before becoming seriously ill, and he waited until the close of discovery to file the request for an extension of time. A review of the motion and the Defendant's Response reflects that discovery should be finished, except for a recent MIDP supplement by Defendant which may result in minimal, if any, additional discovery remaining in the case. On the merits, the four month extension of time for additional discovery is not warranted. The Court shall grant a 30 day extension of time during which Plaintiff's current counsel shall complete discovery and be prepared to file any dispositive motions. In the event the Plaintiff must secure new counsel, any Notice of Appearance shall include the length of time necessary for new counsel to familiarize him or herself with the case and complete discovery.

**Accordingly,**

**IT IS ORDERED** that the Request for Extension of Discovery Deadline (Doc. 22) is DENIED, except for a 30 days of extension of time to either complete discovery and file dispositive motions by December 7, 2018 or file a Notice and Substitution of New Counsel.

Dated this 6th day of November, 2018.



Honorable David C. Bury
United States District Judge